IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SABRA RENCH, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>T D BANK, N.A., et al.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Case No. 13-00922-SMY-PMF<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for sanctions directed to defendant HMI Industries, Inc. (Doc. No. 98). Plaintiff Sabra Rench seeks discovery sanctions under Rule 37(c), which permits an assortment of sanctions when a party fails to timely supplement its responses to interrogatories or requests for production of documents, and Rule 37(d), which permits sanctions when a party fails to provide answers, objections, or a written response to written discovery. Fed. R. Civ. P. 37(c), (d). Sanctions are also requested under the Court's inherent authority to correct an abuse of the judicial process. The motion is opposed (Doc. No. 106). A hearing was held on November 12, 2015. Following the hearing, the undersigned reopened discovery for a period of time and invited supplemental briefs (Doc. No. 110). The supplemental materials are now on file (Doc. Nos. 131, 132, 135 – 148).

The Court begins its discussion by noting that the sanctions requested include class certification and default judgment. Due to the dispositive nature of those requested sanctions, the Court anticipates that one party will object to the conclusion and recommendation in this

report, which will be resolved by Judge Yandle following a de novo review of the materials and testimony. Fed. R. Civ. P. 72(b).(3). Hence, a full discussion of all materials on file is not required. The following summary will suffice.

On February 28, 2014, plaintiff served her First Request for Production of Documents, seeking, in part, information pertaining to a "scratcher ticket," sweepstakes tickets or other mailing materials promoting HMI products. On February 28, 2014, plaintiff served her First Set of Interrogatories, seeking in part the names of persons with knowledge relating to the claims. HMI served objections and responses on April 28, 2014 (Doc. Nos. 98-2, 98-3). Additional materials were provided on May 13 and September 29, 2014 (Doc. Nos. 98-4, 98-6). The documents produced were located through a limited search of electronic files (Doc. No. 131-6).

Plaintiff noticed a Rule 30(b)(6) deposition of HMI's corporate representative for January 15, 2016. The topics to be explored pertained to promotions, distributers, creation/distribution of marketing materials and prize tickets (Doc. No. 98-7). HMI tendered CEO Kirk Foley for the 30(b)(6) deposition. Mr. Foley testified that promotional materials included scratch cards, but that program was not directly implemented by HMI. He suggested that distributors purchase their supplies from an independent source and that HMI did not supply "scripts" to distributors (Doc. No. 98-8, pp. 6-8). He further testified that HMI acted as a collecting agent for insurance against the cost of awarding large prizes (Doc. No. 106-4).

On June 22, 2015, plaintiff's counsel inquired regarding the status of HMI's document production and was informed that document production was complete (Doc. Nos. 98-9, 98-10). Plaintiff's own investigations unearthed numerous materials showing that HMI employees (such as David Hoiseth, Ross Jensen) provided distributors with promotional materials, oversight,

instruction, and training using material that was not produced in discovery, including scripts and scratch card order forms (Doc. Nos. 98-11; 131-2, 131-3, 131-4, 131-5, 131-7 ).  In its discovery response, HMI did not identify Hoiseth as a person with knowledge of HMI's promotional program, although he held (at one time) the title of Director of Distributor Development at HMI.  Jensen, on the other hand, was identified.  Also, HMI did not endeavor to obtain responsive documents from either Hoiseth or Jensen (Doc. No. 131-6).

HMI maintains that sanctions are not warranted for a number of reasons.  They note that HMI did not violate an Order to permit discovery, some documents discovered through plaintiff's own investigation were neither created nor used during the relevant period, and some documents were not in HMI's possession at the time documents were produced.  They also point out that some documents were subject to objections, that HMI produced an assortment of documents and forms located late due to an innocent oversight, and that Hoiseth left HMI in 2006 and returned in a different role in 2010 (Doc. No. 106).  If deemed appropriate, HMI seeks a sanction other than default judgment or class certification, which would be excessive.

This boils down to a discovery dispute, and the Court is satisfied that it may be resolved though application of Rule 37 rather than resorting to the Court's inherent authority to punish abuse of the judicial process.  The undersigned is satisfied that defendant HMI Industries Inc. initially failed to serve accurate and complete responses to interrogatories and requests for production of documents, that HMI's 30(b)(6) representative offered inaccurate and misleading testimony, and that numerous responsive documents that could have been located and produced in a timely manner were not.  As a result, the plaintiff incurred substantial expenses in obtaining information through its own investigations, including acquisition of depositions/affidavits from

–4–

the following individuals: Joseph D'Amico, Kimberly Wallace, David Hoiseth, Tad Boyle, Joe Herrick, Jeremy Ebeling, Robyn Owens.  While sanctions are warranted by these circumstances, the extreme sanction of default or class certification is not appropriate, in part because plaintiff did not first obtain a Rule 37(a) order compelling HMI to supplement its discovery responses and in part because plaintiff did not depose individuals identified by HMI as persons with knowledge of the events at issue in this case.  It now appears that plaintiff has the information that could have been obtained from HMI had discovery been provided by HMI in a timely manner.

IT IS RECOMMENDED that the motion (Doc. No. 98) be GRANTED as follows. Pursuant to Rule 37(c), plaintiff should be awarded her reasonable expenses, including attorney fees, incurred for the purpose of locating missing information requested from HMI, including preparation of the motion for sanctions, preparation and attendance at the November 12, 2015, hearing, preparation of the supplemental brief, and acquisition of depositions/affidavits from individuals who were not identified by HMI as persons with knowledge of the events at issue. Plaintiff should be directed to file an affidavit outlining her reasonable expenses within 30 days.

**SUBMITTED:  April 19, 2016  .**

   **s/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**