# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SABRA RENCH, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:13-cv-00922-SMY-PMF |
| v. | ) ) | |
| TD BANK, N.A., A-1 ALLERGY RELIEF, INC., and HMI INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>

GOLDENBERG HELLER
& ANTOGNOLI, P.C.

Mark C. Goldenberg #00990221
Thomas P. Rosenfeld # 06301406
Kevin P. Green #06299905
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

*Interim Settlement Class Counsel*

## TABLE OF CONTENTS

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.    Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   THE SETTLEMENT AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.    The Settlement Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       B.    Monetary Relief for the Settlement Class . . . . . . . . . . . . . . . . . . . . . . . 4

       C.    Releases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       D.    The Notice Program . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       E.    Opt-Out and Objection Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       F.    Settlement Administration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       G.    Allocation and Distribution of the Settlement Fund . . . . . . . . . . . . . . . . 6

       H.    Class Representative Service Award . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       I.    Attorneys' Fees and Cost . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.    THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS . . . . . . . . . . . . . . 8

       A.    Rule 23(a) Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       B.    Rule 23(b)(3) Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT . . . . . . 10

       A.    The Proposed Settlement is a Result of Vigorous, Informed, Arm's-
             Length Negotiations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       B.    The Stage of this Case Supports Preliminary Approval . . . . . . . . . . . . . 13

       C.    The Proposed Settlement Amount Accounts for the Risks Involved in
             this Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI.    THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD
       OF CLASS NOTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VII.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## **<u>EXHIBITS</u>**

Exhibit 1 – Settlement Agreement

Exhibit 2 – Proposed Notice

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Armstrong v. Bd. of Sch. Dirs.,*
    616 F.2d 305 (7th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

*Butler v. Am. Cable & Tel., LLC,* No. 09-5336,
    2011 WL 4729789 (N.D. Ill. Oct. 6, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*Butler v. Sears, Roebuck & Co.,*
    727 F.3d 796 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Eirhart v. Libbey-Owens-Ford Co.,*
    921 F.2d 278 (7th Cir. 1990) (table op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Felzen v. Andreas,*
    134 F.3d 873 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gomez v. St. Vincent Health, Inc.,*
    649 F.3d 583 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*IKO Roofing Shingle Prods. Liab. Litig.,*
    757 F.3d 599 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Ready-Mixed Concrete Antitrust Litig.,* No. 05-979,
    2007 WL 3334787 (S.D. Ind. Nov. 8, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Isby v. Bayh,*
    75 F.3d 1191 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12, 13

*Keele v. Wexler,*
    149 F.3d 589 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mangone v. First USA Bank,*
    206 F.R.D. 222 (S.D. Ill. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Messner v. Northshore Univ. HealthSystem,*
    669 F.3d 802 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Muro v. Target Corp.,*
    580 F.3d 485 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Phillips v. Petroleum Co. v. Shutts*,
　472 U.S. 797 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Shepherd v. ASI, Ltd.*,
　295 F.R.D. 289 (S.D. Ind. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Suchanek v. Sturm Foods, Inc.*,
　764 F.3d 750  (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Susquehanna Corp. v. Korholz*,
　84 F.R.D. 316 (N.D. Ill. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Statutes & Rules

15 U.S.C. § 1601 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1961 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

815 ILCS 505/1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

815 ILCS 525/1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Fed. R. Civ. P. 23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

Fed. R. Civ. P. 23(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 23(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 14

## Other Authority

Manual for Complex Litigation § 1.46 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Manual for Complex Litigation § 21.311 (4th ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Manual for Complex Litigation § 21.632 (4th ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Manual for Complex Litigation § 30.2111 (4th ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Newberg on Class Actions § 22:91 (4th ed. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

## I.       INTRODUCTION.

Plaintiff Sabra Rench ("Plaintiff"), on behalf of herself and the proposed class of purchasers of an HMI Product who used a Renovate Credit Card account defined in the Settlement Agreement (the "Settlement Class" or "Class"), respectfully submits this Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement.  For the reasons set forth herein, the proposed settlement agreement with TD Bank, N.A., dated April 22, 2016 ("Settlement" or "Settlement Agreement") is fair, reasonable and adequate.  The Settlement is the product of arm's length negotiations between Plaintiffs' counsel ("Class Counsel") and Defendant, TD Bank, N.A. ("TD Bank").

The Settlement provides Class Members with substantial monetary relief and avoids the inherent risks, delays, and expenses associated with continued, protracted class action litigation. Furthermore, the Settlement allows the Class Members to continue to pursue claims against non-settling defendants and primary tortfeasors HMI Industries, Inc. ("HMI") and A-1 Allergy Relief, Inc. ("A-1").  For this reason and others, the Settlement easily satisfies all Seventh Circuit criteria for preliminary settlement approval.  *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980) (citing Manual for Complex Litigation § 1.46 (1977)), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

Because the settlement is fair and was reached by the parties at arm's length, the Court should grant preliminary approval, certify the Settlement Class, direct notice to the Settlement Class, and schedule a final Fairness Hearing to determine whether to grant final approval to the Settlement.

## II.     BACKGROUND.

### A.     Procedural History.

On September 06, 2013, Plaintiff filed a class action complaint in the United States District Court for the Southern District of Illinois against Defendants HMI, TD Bank, and A-1, alleging violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the Illinois Prizes and Gifts Act, 815 ILCS 525/1 *et seq.* ("IPGA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"); and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* ("Action").  TD Bank answered the complaint on September 08, 2014.  The Parties engaged in extensive discovery efforts and vigorously litigated this case.  The parties served and exchanged written discovery, reviewed and produced tens of thousands of pages of documents, and participated in the Rule 30(b)(6) deposition of HMI Industries, Inc.  Plaintiff filed her class certification motion on May 2, 2015; TD Bank filed its opposition on August 19, 2015; and Plaintiff submitted a reply on September 9, 2015.  The class certification motion remains before the court, pending resolution of discovery disputes between Plaintiff and HMI Industries, Inc.

Recognizing the risks inherent in the litigation process and this case in particular, along with the potential for protracted litigation and appeals, the parties engaged in arm's-length settlement discussions beginning in late 2014/early 2015.  On July 20, 2015, the parties engaged in a day-long mediation in Edwardsville, Illinois with the Honorable Llyod A. Cueto serving as the mediator.  The parties were unable to reach an agreement at the mediation.  Thereafter, the parties continued with the litigation, and in late 2015/early 2016, Plaintiff and TD Bank reengaged in independent settlement discussions, and, on April 22, 2016, reached an agreement.

As set forth in the Settlement Agreement and outlined herein, through the Settlement, TD Bank has agreed to provide purchasers of HMI FILTERQUEEN® products who used a Renovate Credit Card account opened through either A-1 Allergy Relief or any HMI distributor in Illinois with a refund of a significant portion of the purchase price to each Class Member, who may still seek further relief from the remaining Defendants. Importantly, the Settlement provides that TD Bank will pay the settlement amount and be released without any substantive involvement by Class Members in the administration of the settlement, and there is no reverter of any portion of the Settlement Amount to TD Bank. As explained fully below, Plaintiff has established all necessary prerequisites for preliminary approval of the Settlement.

**III.     THE SETTLEMENT AGREEMENT.**

The full terms of the Settlement are embodied in the Settlement Agreement attached hereto as Exhibit 1. The Agreement is fair and reasonable to the Settlement Class, as it provides significant and meaningful benefits to the Class. Moreover, the terms of the Settlement have been carefully crafted and provide significant monetary payment to the Settlement Class to address the conduct Plaintiff challenged in this case. The following is a summary of the material terms of the Settlement.

**A.     The Settlement Class.**

The Settlement Class is an opt-out class under Rule 23(b)(3) of the Federal Rule of Civil Procedure. The Settlement Class is defined as:

> (a) All individuals in the United States who, within the four years preceding the filing of the initial Complaint in the Action, purchased an HMI Product using a Renovate credit Card account opened through A-1 Allergy Relief; and (b) All individuals in the State of Illinois who, within the four years preceding the filing of the initial Complaint in the litigation, purchased an HMI Product using a Renovate Credit Card account opened through any HMI Distributor.

### B.     Monetary Relief for the Settlement Class.

The Settlement requires TD Bank to transfer $330,000 into a Settlement Fund within ten (10) days of Preliminary Approval.  (Settlement Agreement, ¶ 8.4).  No portion of that Settlement Fund will revert to TD Bank.  Rather, the Fund will be used to make distributions to the members of the Settlement Class ("Class Members"); pay for attorneys' fees and expenses; and pay for the Individual Settlement Awards and Service Payment to Plaintiff; as well as any other fees, costs, and expenses subject to approval of Class Counsel, TD Bank, and the Court. TD Bank will have no substantive involvement in the administration of the Settlement beyond the transfer of the Settlement Fund to the administrator and payment of the administrator's costs.

### C.     Releases.

The Settlement Agreement contains mutual releases between TD Bank on one hand, and Plaintiff and the Class Members on the other.  In consideration of the benefits conferred by the Settlement, the Plaintiff  and all Class Members who do not submit a valid and timely opt-out request will be deemed to have released TD Bank from claims arising out of or connected with (a) any act, omission, event, incident, matter, dispute, or injury arising from the purchase of an HMI Product using a Renovate Credit Card account; (b) any conduct that was raised or could have been raised in this Action; and, (c) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of (a) or (b) above.  TD Bank will also release the Plaintiff and Class Members who do not submit a valid and timely opt-out request from claims arising out of the purchase of an HMI Product using a Renovate Credit Card account (except for claims for any remaining balance due on a Renovate Credit Card account with TD). The detailed release language can be found in Section 7 of the Settlement Agreement.

### D.     The Notice Program.

The Notice program in this Settlement is designed to be the best notice practicable, and it is tailored to take advantage of the information TD Bank has available about the Class Members. (Settlement Agreement, ¶ 4.3).  The Notice program is designed to apprise the Class Members of: (a) the pendency of the Action; (b) the Court's preliminary certification of the Settlement Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Settlement Class or to object to the Settlement; (d) Class Counsel's expected fee application; and (e) the expected request for an Individual Settlement and Service Award for Plaintiff.  The proposed Notice is attached hereto as Exhibit 2.

The Notice Plan is comprised of the following steps, which are discussed in Section 4.3 of the Settlement Agreement.  Within thirty (30) days after the entry of the Preliminary Approval Order, the Settlement Administrator will send individual notice via U.S. mail to each Class Member identified by TD Bank on the Class List.  Notice will be sent to the last known address included on the Class List.  For up to forty-five (45) days, the Settlement Administrator will re-mail, via standard U.S. Mail, Notice to any updated addresses of Class Members, if the Settlement Administrator receives address change notifications from the U.S. Postal Service. The Settlement Administrator will file proof of the mailing of Notice with the Court no later than fifteen (15) days prior to the Final Fairness Hearing.

### E.     Opt-Out and Objection Provisions.

Any Class Member who wishes to object to the fairness of the Settlement Agreement must do so by the opt-out/objection deadline, which is forty-five (45) days before the Final Fairness Hearing.  (Settlement Agreement, ¶ 5.1 – 6.5).  Any request to opt out of the Settlement Class must be in a personally signed writing and include: the name, address, and telephone

number of the person seeking to opt out, as well as a statement that the person wishes to opt out of the release.

Any person who seeks to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement Agreement, must submit an objection in writing to Class Counsel and TD Bank's counsel no later than forty-five (45) days prior to the Final Fairness Hearing or as directed by the Court.  Any such written objections must include: the objectors name, address, and telephone number; the name of this Action and the case number; a statement of each objection; and a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention.  The procedure for objections is discussed in further detail in Section 6 of the Settlement Agreement.

Given the direct notice being provided to the Class, the parties believe that there need not be a long delay between the granting of Preliminary Approval and the Final Fairness Hearing.

### F.  Settlement Administration.

The parties propose that Tilghman & Co., a third party Settlement Administrator, implement the Notice Plan as discussed above (the "Settlement Administrator").[1]  The Settlement Administrator will also administer the provision of payments pursuant to the Settlement Agreement.  (Settlement Agreement, ¶ 9.2)

### G.  Allocation and Distribution of the Settlement Fund.

To identify Class Members, TD Bank will use commercially reasonable procedures to search their files to determine whether a person falls within the Settlement Class.  TD Bank will provide the Settlement Administrator with a list of all Class Members that it identifies through

---

[1] Should the parties subsequently determine to utilize a different, mutually agreeable, settlement administrator, they will promptly advise the Court.

this process (the "Class List").  (Settlement Agreement, ¶ 4.3).  The Settlement Administrator

will maintain the Class List.

The Parties have agreed that each Class Member will receive a *pro rata* share of the Net

Settlement Fund, with no need to make an affirmative claim.  Payments to Class Members will

be made by check, with an appropriate legend, in a form approved by the Parties to indicate that

the payment stems from a settlement of this Action.  The Settlement Administrator will cut and

mail checks to the addresses identified as valid Class Member addresses.  The checks will be

valid for one hundred eighty (180) days.  Furthermore, the Settlement Administrator will make

reasonable efforts to identify the proper address for any Class Member whose check is returned

by the U.S. Postal Service as undeliverable and will re-mail any checks once to an updated

address.  (Settlement Agreement, ¶ 9.2).

After the one hundred eighty (180) day period during which the settlement checks will

remain valid, any funds remaining in the Settlement Fund resulting from uncashed settlement

checks will be distributed through a residual *cy pres* program, with the recipient being Land of

Lincoln Legal Assistance Foundation, Inc.  (Settlement Agreement, ¶ 10.1)

### H.    Class Representative Service Award.

Class Counsel will ask the Court to approve a service award not to exceed $2,500.00 for

Plaintiff Rench.  Plaintiff devoted substantial time and effort assisting counsel in the prosecution

of this case.  For example, Plaintiff assisted counsel in responding to detailed discovery requests,

engaged in regular meetings, telephone conferences, and written communication with counsel,

attended hearings, and more.  If the Court approves the Service Award, it will be paid from the

Settlement Fund (Settlement Agreement, ¶ 8.2).  This award will compensate the class

representative for her time and effort in the litigation, and for the risk she undertook in

prosecuting the case against TD Bank.

I.        **Attorneys' Fees and Cost.**

Any award of attorneys' fees, costs and expenses to Class Counsel will be payable solely from the Settlement Fund, and is subject to Court approval. (Settlement Agreement, ¶ 11.2). Class Counsel will submit their request for attorneys' fees no later than ten (10) days prior to the Final Fairness Hearing. Class Counsel intends to seek up to one-third of the Settlement Fund in attorneys' fees, as well as its costs and expenses incurred.

IV.      **THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS.**

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). The first step in approving a class action settlement is to certify a class for the purposes of the Settlement. The Settlement Class, here, should be certified because it satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b).

A.        **Rule 23(a) Requirements.**

Under Rule 23(a), Plaintiff must demonstrate that the following elements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These elements are easily met in this case.

The class satisfies the "numerosity" requirement because it made up of approximately 379 people such that "joinder of all members is impracticable." *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 296 (S.D. Ind. 2013) ("Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)."). The class also satisfies the "commonality" requirement because all members share common issues regarding whether TD Bank properly disclosed material information such as finance charges and the Annual Percentage

8

Rate.  Notably, for the commonality requirement, "the critical point is 'the need for conduct common to members of the class.'"  *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750,756 (7th Cir. 2014) (*quoting IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 602 (7th Cir. 2014). Thus, where, as here, "the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."  *Id.*

Plaintiff Rench also meets the "typicality" requirement because her claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . her claims are based on the same legal theory."  *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998); *see also Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large").  Lastly, Plaintiff Rench meets the "adequacy" test because her interests are not antagonistic to those of the class members; she has no interest that would conflict with the interests of the class members; and she has prosecuted this action on behalf of the class through qualified counsel since the inception of this suit.  Moreover, the undersigned counsel has extensive experience representing plaintiffs in class action and complex litigation and counsel has the ability, resources, commitment, and experience to adequately represent the class.  *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011) (adequacy "consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel").

### B.      Rule 23(b)(3) Requirements.

Likewise, the requirements of Rule 23(b)(3) are met.  Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy."   Fed. R. Civ. P. 23(b)(3).  Here, Plaintiff believes

that the shared issues surrounding the legality and impact of the Scratch Card and TD Bank's

disclosures predominate over any individual issues.  Indeed, the focus here is on TD Bank's

conduct and not on matters pertaining to individual Settlement Class members.  *Messner v.*

*Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) ("[P]redominance

requirement is satisfied when common questions represent a significant aspect of a case and . . .

can be resolved for all members of a class in a single adjudication.").  Additionally, certification

for settlement purposes is the superior method to adjudicate the numerous claims here because it

resolves the relatively small-value claims in one action.  *Butler v. Sears, Roebuck & Co.*, 727

F.3d 796, 799 (7th Cir. 2013); *see also Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620

(1997) ("Confronted with a request for settlement-only class certification, a district court need

not inquire whether the case, if tried, would present intractable management problems, for the

proposal is that there be no trial.").

Since the requirements of both Rule 23(a) and 23(b)(3) are satisfied, the Court should

certify the following class for purposes of settlement and the issuance of notice:

> (a) All individuals in the United States who, within the four years preceding the
> filing of the initial Complaint in the Action, purchased an HMI Product using a
> Renovate credit Card account opened through A-1 Allergy Relief; and (b) All
> individuals in the State of Illinois who, within the four years preceding the filing
> of the initial Complaint in the litigation, purchased an HMI Product using a
> Renovate Credit Card account opened through any HMI Distributor.

## V.  THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.

After a class is certified, Federal Rule of Civil Procedure 23(e) governs the process under

which courts evaluate a class action settlement.  Preliminary approval of a settlement "is the first

step in a two-step process to determine whether a proposed Rule 23 settlement is fair, adequate,

reasonable, and not a product of collusion."  *Butler v. Am. Cable & Tel., LLC*, No. 09-5336,

2011 WL 4729789, at *9 (N.D. Ill. Oct. 6, 2011).  The Seventh Circuit has described this

preliminary approval process as follows:

> The first step is a preliminary, pre-notification hearing to determine whether the
> proposed settlement is "within the range of possible approval." This hearing is not
> a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to
> notify the class members of the proposed settlement and to proceed with a
> fairness hearing. If the district court finds a settlement proposal "within the range
> of possible approval," it then proceeds to the second step in the review process,
> the fairness hearing. Class members are notified of the proposed settlement and of
> the fairness hearing at which they and all interested parties have an opportunity to
> be heard.

*Armstrong*, 616 F.2d at 314; *see also Manual for Complex Litig.* § 21.632 (4th ed. 2004) (noting

that at preliminary approval stage, the first task before the court is to make a preliminary

determination as to the fairness, reasonableness, and adequacy of the settlement terms).

At this time, the Court must also assess the proposed plan for notifying the Settlement

Class to determine whether the notice plan is reasonable and comports with Rule 23(e).  *See*

*Manual for Complex Litig.* § 21.632 (noting that at preliminary approval stage, the court must

direct the preparation of notice informing the class about the terms of the settlement and the date

of the final fairness hearing in addition to making a preliminary fairness determination); *In re*

*Ready-Mixed Concrete Antitrust Litig.*, No. 05-979, 2007 WL 3334787, at *2 (S.D. Ind. Nov. 8,

2007) (granting preliminary approval of settlement after finding that "[t]he form and manner of

notice proposed in the settlement comply with Rules 23(c) and (e) and the requirements of due

process").  The leading treatise on class actions explains:

> The notice of the Proposed Settlement, to satisfy both Rule 23(e) requirements
> and constitutional due process protections, need only be reasonably calculated,
> under all of the circumstances, to apprise interested parties of the pendency of the
> settlement proposed and to afford them an opportunity to present their objections.
> Thus, due process does not require actual notice, but rather a good faith effort to
> provide actual notice. Courts have consistently recognized that due process does
> not require that every class member receive actual notice so long as the court
> reasonably selected a means likely to apprize interested parties.

*Newberg on Class Actions* § 22:91 (4th ed. 2002).  Thus, courts have considerable discretion in

approving a notice plan.  *Eirhart v. Libbey-Owens-Ford Co.*, 921 F.2d 278, at *1 (7th Cir. 1990)

(table op.) (observing that a district court "has 'virtually complete discretion' as to the manner in

which notice of a proposed settlement be given."); *Manual for Complex Litig.* § 21.311

("Determination of whether a given notification is reasonable under the circumstances of the

case is discretionary").

        As discussed below, the proposed Settlement easily meets the standards governing

preliminary approval.  First, the settlement is the result of arm's-length negotiations among

experienced counsel.  Second, the recovery for class members is substantial, given the risks,

uncertainties, and delays of further litigation.  Accordingly, the Court should preliminarily

approve the Settlement.

### A.    The Proposed Settlement is a Result of Vigorous, Informed, Arm's-Length Negotiations.

        The proposed Settlement arose from arm's-length negotiations, which weighs in favor of

approval. *See Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996); *Susquehanna Corp. v. Korholz*,

84 F.R.D. 316, 320 (N.D. Ill. 1979) (a settlement proposal arrived at after arm's-length

negotiations by fully informed, experienced and competent counsel may be properly presumed to

be fair and adequate).  Indeed, the parties engaged in negotiations for over a full year.  These

negotiations were extensive and involved written proposals, telephone conferences, and a

mediation settlement session on July 20, 2015.  Moreover, the parties vigorously litigated this

Action.  Both parties fully briefed a motion to dismiss as well as a motion for class certification.

Class Counsel engaged in formal discovery and gained an understanding of the evidence related

to the central questions at issue in this case.  Having the opportunity to analyze this evidence, the

parties engaged in well-informed settlement negotiations. These arm's-length negotiations support a finding that the proposed settlement is fair.  Accordingly, the proposed Settlement is entitled to an initial presumption of fairness.

### B. The Stage of this Case Supports Preliminary Approval.

As noted above, the Settlement was reached after significant discovery.  Furthermore, the parties had an opportunity to debate the issues in this case. Plaintiff's counsel not only engaged in pre-suit investigation, but also received and reviewed tens of thousands of pages in document discovery and answers to written discovery.  The Parties also briefed class certification as discussed above.  Thus, at the time the settlement was reached, both sides were well-informed of the relevant facts and legal issues in the case.  Armed with this information, the parties negotiated vigorously based on their respective positions.  Accordingly, the stage of this case favors preliminary approval.  *Isby*, 75 F.3d at 1200.

### C. The Proposed Settlement Amount Accounts for the Risks Involved in this Litigation.

In assessing whether a settlement is fair, reasonable, and adequate, the Court should consider as part of its analysis "the strength of plaintiffs' case compared to the amount of defendants' settlement offer" *Isby*, 75 F.3d at 1199.  Here, the settlement resolves the risks associated with an adjudication on the merits, and provides the Settlement Class with substantial relief, without the delay and expenses of continued litigation.

Throughout this litigation, the parties disputed the nature of TD Bank's relationship with A-1 or HMI, whether an agency relationship existed between TD Bank and A-1, the applicability to TD Bank of certain claims related to the scratch card, and whether TD Bank, as a financing company, was differently situated from the other defendants in this action.

13

The settlement provides each member of the Settlement Class with substantial relief, without the uncertainty, delay and expenses of dispositive motions, trial, and post-trial proceedings.

**VI.    THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTIFICATION.**

Upon preliminary approval, Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e).  To satisfy due process, the notice must provide the best notice practicable to Class Members.  *See Phillips v. Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).  The notice should inform class members of the terms of the proposed settlement and of the opportunity to present their own views on the settlement.

The Notice Program in the Settlement Agreement is the best notice practicable under the circumstances.  All of the Settlement Class Members are recent customers of TD Bank and received correspondence relating to their Renovate Credit Card account at their preferred addresses.  Notice by mail is practical when, as here, the names and addresses of most of the Class Members are known.  *See Manual for Complex Litig.* at § 30.2111; *see also Mangone v. First USA Bank*, 206  F.R.D. 222, 231-232 (S.D. Ill. 2001) (approving mailed notice to last known addresses of settlement class member where class consisted of nearly 18.5 million members).  As such, direct mailed notice to Class Members, using their last known address is the best notice to reach Class Members.  Additionally, if mail is returned undeliverable, the Settlement Agreement provides for steps to locate the Class Member and re-mail notice.  Thus, the notice is the best practicable under these circumstances.

14

## VII.    CONCLUSION.

For the foregoing reasons, the Court should grant preliminary approval and enter the

proposed Preliminary Approval Order, directing notice to Class Members and scheduling a final

Fairness Hearing.


Dated: June 20, 2016                                   Respectfully submitted,


                                                       GOLDENBERG HELLER & ANTOGNOLI. P.C.


                                                       By: /s/ Kevin P. Green
                                                       Thomas P. Rosenfeld # 06301406
                                                       Mark C. Goldenberg #00990221
                                                       Kevin P. Green #06299905
                                                       2227 South State Route 157
                                                       Edwardsville, IL 62025
                                                       618-656-5150
                                                       618-656-6230 (fax)
                                                       tom@ghalaw.com
                                                       mark@ghalaw.com
                                                       kevin@ghalaw.com

                                                       *Interim Settlement Class Counsel*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on June 20, 2016.

/s/ Kevin P. Green