# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------------- x
:
SABRA RENCH,                                                     :    No. 3:13-cv-00922-SMY-PMF
:
                Plaintiff,                                     :
:     ORDER OF PRELIMINARY
      v.                                                         :     APPROVAL OF SETTLEMENT
:
TD BANK, N.A., A-1 ALLERGY RELIEF, INC.                          :
AND HMI INDUSTRIES, INC.,                                        :
:
                Defendants.                                    :
:
---------------------------------------------------------------- x

       The Court having considered the *Unopposed Motion for Preliminary Approval of Class Action Settlement* (the "Motion"), the exhibits thereto, and the records and files in this action, and being otherwise fully advised in the premises, orders, adjudges, and decrees, pursuant to Federal Rules of Civil Procedure, Rule 23, that:

       1.      The Settlement Agreement between the Plaintiff Sabra Rench, in both her individual and representative capacities (the "Class Representative") and Defendant TD Bank, N.A. ("TD Bank") is incorporated fully herein by reference and attached as Exhibit 1 to the Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary Approval (the "Memorandum").

       2.      The Court finds that the Settlement Agreement has been reached between and among Plaintiff Rench individually and for and on behalf of the Settlement Class, Class Counsel for and on behalf of the Settlement Class and TD Bank, independently, by counsel and through good faith arms- length negotiations.

       3.      The Court finds that each of the Parties was represented by experienced counsel.

4. The Court has reviewed the Settlement Agreement proposed by the Parties, finds that it is without obvious deficiencies. The Settlement Agreement is hereby preliminarily approved as sufficiently fair and reasonable to warrant providing notice to the Settlement Class of its terms.

5. The settlement includes a Settlement Class consisting of approximately 385 persons, and is defined as follows:

> (a) All individuals in the United States who, within the four years preceding the filing of the initial Complaint in the Action, purchased an HMI Product using a Renovate credit Card account opened through A-1 Allergy Relief; and (b) All individuals in the State of Illinois who, within the four years preceding the filing of the initial Complaint in the litigation, purchased an HMI Product using a Renovate Credit Card account opened through any HMI Distributor.

6. The Court finds that the Settlement Class is hereby certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3), as all requirements for certification in Rules 23(a) and 23(b)(3) have been satisfied.

7. The Notice, attached to the Memorandum as Exhibit 2, is constitutionally adequate, and is hereby approved. The Notice contains all of the essential elements necessary to satisfy the requirements of federal law including the Federal Rules of Civil Procedure and federal and state due process provisions, including the Class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed settlement, information regarding the manner in which objections may be submitted, and information regarding the manner in which requests for exclusions or opt outs may be submitted. The Notice informs Settlement Class members of opt-out procedures and deadlines, and of the date and location of the "final fairness hearing" of the settlement.

8. The Court approves the Notice Plan for delivery of the Notice as described in the Settlement Agreement. The Court hereby directs that the Notice be emailed and mailed in accordance with the Settlement Agreement. The Notice will identify the opt-out deadline of forty-five (45) or more days before the Final Fairness Hearing date specified in the Settlement Class Notice; to be timely, any written opt-outs must be post-marked by this deadline. The "final fairness hearing" will be scheduled for a date that is at least one hundred and thirty-five (135) days after the entry of this Order and thus complies with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

9. The Notice Plan also satisfies due process and constitutes the best practical notice under the circumstances of this case. The Notice Plan is thus approved and its implementation pursuant to the Settlement Agreement is hereby ordered.

10. The Court hereby sets the following schedule of events:

| Event | Time | Date |
|---|---|---|
| **Notice Complete** | 30 days after Preliminary Approval | **September 12, 2016** |
| **Opt-Out Deadline** | 45 days before Final Fairness Hearing | **October 24, 2016** |
| **Deadline to Submit Objections** | 45 days before Final Fairness Hearing | **October 24, 2016** |
| **Motion for Final Approval** | No later than 30 days before Final Fairness Hearing | **November 7, 2016** |
| **Final Fairness Hearing** | At least 135 days after entry of this Order | **December 7, 2016** |

11. The named Plaintiff shall serve as representatives for the certified Settlement Class; Goldenberg Heller & Antognoli, P.C., shall serve as Class Counsel for the Settlement Class.

12. The Settlement Agreement is not and shall not be deemed and construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations in the Action, and the evidence thereof shall not be used directly, or indirectly, in whole or in part, in any way, whether in the Action or in any other action or proceeding of whatever nature or kind.

13. If the Settlement Agreement does not become effective in accordance with its terms, or if the Settlement Agreement is not finally approved, or if the Settlement Agreement is

4

canceled, terminated, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated.

14. All other pending motions and applications are hereby denied as moot, without prejudice, to the extent they affect TD Bank.

Entered this 15th day of August, 2016.

/s/ Staci M. Yandle
**Staci M. Yandle**
**UNITED STATES DISTRICT JUDGE**