UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| SABRA RENCH, | |
| Plaintiff, | No. 3:13-cv-00922-SMY-RJD |
| v. | |
| TD BANK, N.A., A-1 ALLERGY RELIEF, INC. AND HMI INDUSTRIES, INC., | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| Defendants. | |

---

The Settlement Agreement between Plaintiff Sabra Rench, in both her individual and representative capacities (the "Class Representative") and Defendant TD Bank, N.A. ("TD Bank") provides for the Settlement of this lawsuit on behalf of the Class Representative and the Settlement Class Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated August 15, 2016, ("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

TD Bank denies any wrongdoing, fault, violation of law, or liability for damages of any sort. TD Bank objected, and continues to object, to the certification of any class and has agreed to the certification of this class for settlement purposes only.

A Fairness Hearing was held before this Court on December 7, 2016, to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is

1

reasonable and should be approved by this Court, and whether Class Representative's request for approval of service payments is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Court finds that the Settlement Agreement is the product of good faith arm's-length negotiations by the Parties, each of whom was represented by experienced counsel.

3. The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a Settlement Class in the Action as follows:

> All (a) individuals in the United States who, within the four years preceding the filing of the initial Complaint in the Litigation, purchased an HMI Product using a Renovate Credit Card account opened through A-1 Allergy Relief; and (b) individuals in the State of Illinois who, within the four years preceding the filing of the initial Complaint in the Litigation, purchased an HMI Product using a Renovate Credit Card account opened through any HMI Distributor.

4. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.

5. The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class

Members.  Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Settlement Class Members would also face the challenge of certifying a litigation class, summary judgment, and any other rulings rendered during trial.  The relief negotiated by the Parties includes substantial monetary relief for each Settlement Class Member.  For these reasons, the Court finds that the uncertainties of continued litigation in both trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

6. Any and all objections to the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and expenses have been considered and are hereby found to be without merit and are overruled.

7. This Action is dismissed in its entirety as to TD Bank, with prejudice, and without costs to any party.

8. Upon the Effective Date, the Class Representative and each Settlement Class Member, and each of their respective, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for any type of relief and statutory or punitive damages predicated on any claim and for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on any federal, state, or local law, statute, regulation, or common law, including all claims for declaratory or injunctive relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Releasing Parties ever had, now has or may have in the future

resulting from, arising out of or in any way, directly or indirectly, connected with (a) any act, omission, event, incident, matter, dispute, or injury arising from the purchase of an HMI Product using a Renovate Credit Card account; (b) any conduct that was raised or could have been raised in this Action; and, (c) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of (a) or (b) above.

9. Class Counsel's request for approval of attorneys' fees of $110,000.00 and costs in the amount of $3,622.09 is approved.

10. The Court approves a Class Representative's incentive award in the amount of $5,000.00.

11. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

12. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Order of Dismissal with Prejudice be, and hereby is, entered as a final and appealable order.  The Clerk of Court is DIRECTED to enter judgement in favor of TD Bank, N.A and against Plaintiff Sabra Rench at the close of the case.

**IT IS SO ORDERED.**
**DATED:  December 7, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

4